**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
MICHAEL W. LANGEMAN,                    )
                                        )
                   *Plaintiff,*          )          Civil Action No. _____
                                        )
MERRICK B. GARLAND,                     )
in his official capacity as             )
ATTORNEY GENERAL OF THE                 )
UNITED STATES,                          )
U.S. Department of Justice              )
950 Pennsylvania Avenue, NW             )
Washington, DC 20530;                   )
                                        )
U.S. DEPARTMENT OF JUSTICE              )
950 Pennsylvania Avenue, NW             )
Washington, DC 20530;                   )
                                        )
CHRISTOPHER A. WRAY,                    )
in his official capacity as             )
DIRECTOR OF THE FEDERAL BUREAU OF       )
INVESTIGATION,                          )
Federal Bureau of Investigation        )
935 Pennsylvania Avenue, NW             )
Washington, DC 20535;                   )
                                        )
PAUL ABATE,                             )
in his official capacity as             )
DEPUTY DIRECTOR OF THE FEDERAL          )
BUREAU OF INVESTIGATION                 )
Federal Bureau of Investigation        )
935 Pennsylvania Avenue, NW             )
Washington, DC 20535; and               )
                                        )
FEDERAL BUREAU OF INVESTIGATION         )
935 Pennsylvania Avenue, NW             )
Washington, DC 20535                    )
                                        )
                   *Defendants.*         )
_____)

1

## COMPLAINT

Plaintiff, Michael W. Langeman, by and through his attorneys, brings this Complaint against Merrick B. Garland, acting in an official capacity as Attorney General of the United States; the U.S. Department of Justice ("DOJ"); the Federal Bureau of Investigation ("FBI"); Christopher A. Wray, acting in an official capacity as Director of the FBI; and Paul Abate, acting in an official capacity as Deputy Director of the FBI.  In support of his complaint, upon personal knowledge as well as information and belief, Plaintiff alleges the following:

## NATURE OF THE ACTION

1. Plaintiff is a former Special Agent – Criminal Investigator (General Schedule-Grade 13) of the FBI and a career civil servant.  He brings this case to remedy Defendants' unlawful summary dismissal from the employment rolls of the FBI in violation of the Fifth Amendment Due Process clause of the United States Constitution.

2. Plaintiff, a non-probationary and non-preference eligible employee, served the FBI with fidelity and integrity for almost 19 years, prior to his summary dismissal.  Plaintiff was rated a "Consistent Performer" in his 2019 and 2020 Performance Appraisal Reports, "Outstanding" in 2016, 2017 and 2018, and "Excellent" in 2014 and 2015.  Plaintiff has received eight Cash Awards throughout his career (2005, 2006, 2007, 2008, 2011, 2015, 2017 and 2019), and two Time Off Awards (2012 and 2015).  In addition, Plaintiff has received the following awards:  2021 FBI Agents Association Award, 2017 FBI Medal of Excellence, 2015 FBI Citation of Merit, 2015 U.S. Attorney's Office Award, and 2012 U.S.

Attorney's Office Award.  Plaintiff had no disciplinary history in almost 19 years of service to the FBI prior to his termination from employment.

3.    As a treasured public employee with a constitutionally protected property interest in his continued employment with the FBI, Plaintiff was entitled to a pre-dismissal hearing consisting of oral or written notice of the charges against him, an explanation of the Defendants' evidence, and an opportunity to present his side of the story prior to dismissal.

4.   By letter dated August 31, 2021, the Defendant Deputy Director Paul Abate (DD Abate) advised Plaintiff that he was summarily dismissed from the employment rolls of the FBI effective on that date.  The letter explained that the dismissal stemmed from allegations that Plaintiff (1) failed to properly handle and document evidence; (2) included materially false information and omitted material information in an investigative document; (3) failed to properly document a victim interview alleging criminal sexual assault until seventeen months after the interview occurred and failed to properly coordinate with state and/or local authorities regarding allegations of criminal sexual assault; and (4) made false statements, under oath, regarding his handling of an investigation during his compelled Department of Justice – Office of Inspector General interviews, in violation of FBI Offense Codes 1.6 (Investigatory Deficiency – Improper Handling of Document(s) or Property in the Care, Custody, or Control of the Government); 1.8 (Investigative Deficiency  - Violation of Operational Guidelines and Policies, Other); 2.3 (False/Misleading Information – Investigative Activity); and 2.6 (Lack of Candor – Under Oath).  Nor was Plaintiff afforded any post-dismissal opportunity to be heard.

5.  Plaintiff claims that if he had been afforded an opportunity to respond to the charges before or soon after dismissal, he could have presented a meritorious defense to demonstrate his honesty, integrity, and fulfillment of his performance expectations.

6.  Defendants' actions have harmed Plaintiff's reputation and professional standing, and dramatically reduced his retirement benefits.  Plaintiff asks this Court to declare that his dismissal was unlawful, violated his procedural Fifth Amendment Due Process pre-dismissal right of notice and opportunity to be heard, and to award him any and all relief necessary for him to obtain a constitutionally regular pre-dismissal hearing.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the Constitution and laws of the United States, and under 28 U.S.C. § 2201(a) and 28 U.S.C. § 1361 because Plaintiff seeks a Declaratory Judgment and writs of mandamus to compel officers and employees of the United States and its agencies to perform duties owed to Plaintiff and required under law.

8.  Sovereign immunity for non-monetary relief is waived by 5 U.S.C. § 702, and by the fact that Defendants acted unconstitutionally.

9.  Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) and (e).

## PARTIES

10. Plaintiff Michael W. Langeman is a citizen of the United States and resides in the State of Indiana.  He was employed by the FBI from 2002 until 2021.

11. Defendant Merrick B. Garland, serving as Attorney General of the United States and the head of the DOJ, has his office in the District of Columbia.  He is sued only in an official capacity.

12. Defendant U.S. Department of Justice is an Executive Department, 5 U.S.C. § 101, and an "agency" within the meaning of 5 U.S.C. § 701.  DOJ's principal offices are in the District of Columbia.

13. Defendant Christopher A. Wray, serving as FBI Director, has his office in the District of Columbia.  He is sued only in an official capacity.

14. Defendant Paul Abate, serving as FBI Deputy Director, has his office in the District of Columbia.  He is sued only in an official capacity.

15. Defendant FBI is a subordinate component of the DOJ pursuant to 28 C.F.R. § 0.1.  The FBI's principal offices are in the District of Columbia.

## COUNT ONE

### PROPERTY INTEREST

**Plaintiff Was Dismissed By Summary
Proceedings in Violation of the
Fifth Amendment's Due Process Clause.**

16. The Paragraphs above are incorporated and reasserted as if fully set forth herein.

17. Defendants violated the Fifth Amendment by depriving Plaintiff of his protectable property interest in his continued employment, without due process of law.

18. Based on the FBI's own internal disciplinary process and procedures, the FBI established guidelines to be followed prior to dismissal.

19. Plaintiff has a legitimate claim of entitlement to continued employment by virtue of the policies, practices, rules and understandings promulgated and fostered by the FBI, as reasonably understood by Plaintiff.

20. Plaintiff completed his probationary period in 2004, and at the time of his dismissal, had attained the status of "permanent" employee of the FBI.

21. On March 5, 1997, the then Director of the FBI, Louis J. Freeh, promulgated to the FBI a memorandum captioned "Standards of Conduct Disciplinary Matters – Revision of the FBI's Disciplinary Process" (Memorandum) with an introductory paragraph stating:

> As the Director of the Federal Bureau of Investigation, one of my most important duties is to emphasize to each employee the commitment that each one of us must make to maintain the highest standards of integrity and ethical conduct.  I have the personal responsibility to take those actions which are necessary **to establish and enforce standards of ethical conduct through personnel policy and practice**, especially as it relates to the investigative activities of the Office of Professional Responsibility (OPR), Inspection Division (INSD), and the adjudicative functions of the Personnel Division (PD) in performance, conduct and fitness for duty determinations.  In January 1994, I promulgated regulations emphasizing the importance of integrity and candor on the part of every FBI employee, i.e., the "bright line," and more recently I have taken steps to improve ethics training for all FBI personnel.  [Emphasis added].

22. The Memorandum goes on to state under the Caption "**Expansion of Procedural Protections in Personnel Actions**" the following:

> Any employee who is subject to a proposed sanction of suspension without pay for more than fourteen calendar days, demotion or dismissal, arising from the disciplinary process will be afforded the following procedural protections:
>
> 1) Thirty calendar days' advance written notice of the proposed adverse action;

2) The opportunity to contact and use an attorney to assist in the disciplinary matter, subject to limitations imposed by law and regulation, which will be explained in writing to the subjects of OPR inquiries, on their disclosure of information received through their FBI employment to an attorney;

3) An opportunity to review, upon written request made within ten calendar days of the above notice, the material which was relied on by the OPR official in reaching a proposed determination that the employee has committed misconduct and of the appropriate sanction to be imposed;

4) An opportunity for the employee and his/her attorney to provide a written response to the proposed action, to include affidavits or other documents of choice, and to identify any witnesses or documentary sources of exculpatory evidence which could not have previously been brought to the attention of OPR, within ten calendar days following receipt of the proposed action or of being provided access to the material described in 3) above, whichever occurs later;

5) Fifteen days' notice of a hearing in which the employee and his/her attorney may make an oral presentation to a senior OPR official, after submission of any written response but before any action is taken.  This hearing will be telephonic and evidence on behalf of the employee will consist of affidavits and other documentation submitted with the written response, unless good cause is shown why personal appearance or testimony by witnesses is necessary.  Witnesses who do appear at such a hearing will be placed under oath and a verbatim recording of their testimony will be made by tape recording or a stenographic reporter.  Travel and attorney costs are the responsibility of the employee.

6) A written decision from a senior FBI official, after consideration of any oral and written response to the proposed action, fully stating the reasons for the action and delivered as soon as practicable following completion of the disciplinary process described above; and

7) An appeal as described below, in addition to any right of appeal to the Merit System Protection Board (MSPB) which may be available to preference eligible employees.

These protections will not apply to extraordinary cases which require immediate summary dismissal action.  In such matters, I must preserve discretion to act without hesitation where the **safety of the public, our fellow employees, national security interests or other compelling considerations may be at stake**. However, to ensure that summary dismissal of an employee is exercised only under **exigent and compelling circumstances**, authority for that decision will not be delegated below the rank of Assistant Director.  [Emphasis added].

23. In tandem with the FBI's internal disciplinary process instituted by the Memorandum, the FBI promulgated "Offense Codes and Penalty Guidelines Governing FBI's Internal Disciplinary Process" (Offense Codes).

24. The Offense Codes includes a preamble stating:

**General Principles**:  The FBI's Offense Codes and Penalty Guidelines provide general categories of misconduct for which employees may be disciplined.
. . .
**Organization of the Offense Codes/Penalty Guidelines**:  The FBI's Offense Codes (Tab A) and Penalty Guidelines (Tab B) are arranged under five main headings:

1.  Investigative Misconduct:  source misconduct and investigative deficiencies, such as the improper handling of evidence and misconduct related to judicial proceedings.

2.  Integrity/Ethical Misconduct:  falsification of FBI documents, lack of candor, misuse of position, failure to cooperate in an OPR inquiry, obstruction of an OPR inquiry, and violation of ethics regulations and guidelines.

3.  Property-Related Misconduct:  loss of government property, misuse of FBI computers or databases, misuse of government credit cards, misuse of government vehicles and other government property, loss of weapon, loss of credentials/badge.

4.  Illegal/Criminal Misconduct:  assault, drug offenses, DWI/DUI, fraud, theft, indecent/lascivious acts, other felony and misdemeanor offenses, and the unauthorized disclosure of information.  It is not necessary that criminal charges be filed against the employee or that the employee be found guilty of criminal charges for the employee to be subject to disciplinary action.

5.  General Misconduct:  alcohol/substance abuse on duty, failure to report, supervisory dereliction, sexual harassment, discrimination, retaliation, disruptive behavior, failure to honor just debts, improper relationship with a subordinate, misuse of weapons, insubordination, security violation, unprofessional conduct, and the violation of miscellaneous rules and regulations.

25. The internal disciplinary process set forth in the memorandum and offense codes applied to

Plaintiff who was a non-probationary employee of the FBI at the time of his dismissal.

26. By virtue of Plaintiff's permanent employment status, the Memorandum providing for an

internal merit review mechanism as well as the specific manner in which employees can be

dismissed, and the Offense Code stating substantive reasons for dismissal, Plaintiff was

more than an at will employee when he was summarily dismissed from the FBI's

employment rolls.

27. The internal disciplinary process imposes the duty upon the adjudicator to issue a "written

decision . . . after consideration of any oral and written response to the proposal action,

fully stating the reasons for the action . . .".

The Memorandum states further:

". . . [the Director has] made it clear that [he] intend[s] to hold each executive personally accountable for the quality of his/her investigation and/or adjudication of a disciplinary matter.  [The Director] took steps to ensure that the official responsible for deciding the appeal of any disciplinary action did not play a substantive role in the prior adjudication process.  In [the Director's] view, the latter action measurably contributes to the

**objectivity** which an official deciding an appeal brings to his/her role in the appellate process." [Emphasis added].

28. The Memorandum provides for a right of appeal in disciplinary matters to a Disciplinary Review Board (DRB). The Memorandum sets forth the following procedures to be observed by the DRB:

### Matters Involving a Non-SES Employee's Suspension from Duty Without Pay for a Period of More than 14 Days, Demotion or Dismissal

In order to enhance input concerning the appropriateness of a disciplinary action in which an appeal has been filed, additional changes are being made to the appellate process. When a matter under appeal involves a suspension for more than 14 days, demotion or dismissal of a non-SES employee, the Assistant Director, INSD, will establish a Disciplinary Review Board (DRB) to review the action taken by OPR.

. . .

### INSD and Disciplinary Review Board Authority and Procedures

The following procedures will be observed by the INSD or a DRB within their respective appellate competence:

1) INSD, in an appeal from a suspension of fourteen days or less, and a DRB, in an appeal of a suspension of more than 14 days, demotion or dismissal, will review the issues presented in writing by the employee.

   The review will be on the employee's written appeal, any response submitted by OPR, and any documentary record. If the record or a disciplinary action taken under the auspices of OPR is insufficient to decide the merits of an appeal, INSD or the DRB may remand the case to OPR and direct such additional investigation and findings as may be necessary. Nothing shall preclude INSD or a DRB from requiring an oral presentation if considered helpful to a resolution of the appeal.

2) An appeal of a suspension of fourteen days or less will be decided by the designated INSD official. The decision of a

DRB in an appeal of a suspension of more than fourteen days, demotion or dismissal will be by majority vote;

3) In exercising appellate authority, INSD and a DRB may independently redetermine the factual findings and/or the penalty imposed.  However, in the event that a different disciplinary sanction is determined to be appropriate, that sanction must be consistent with applicable disciplinary precedent;

4) After reaching a decision in the review of an appeal, INSD or a DRB will document its findings in writing and provide the employee a written decision;

5) If INSD or a DRB finds that an employee has not received the procedural protections in the disciplinary process to which he/she is entitled, it may retain the matter for decision, e.g., when the matter involves harmless error; may refer the matter back to OPR for corrective action; or may reverse or modify the action of the deciding official;

6) The decision of INSD or of a DRB concerning the merits of an appeal involving a non-SES employee will constitute the final decision of the FBI concerning the appropriateness of the disciplinary sanction in the matter under appeal.

7) Decisions by the INSD or a DRB in the appeal of disciplinary sanctions will be implemented no later than sixty calendar days after the appellate decision is rendered in writing.

29. The disciplinary procedures set forth in the Memorandum do restrict and guide the FBI's decision making in summary dismissals by allowing summary dismissal only under certain circumstances and for specific reasons which create a property interest in continued employment, in the absence of occurrence of those specific reasons.

30. More particularly, according to the Memorandum, summary dismissal is restricted and confined to "extraordinary cases which require immediate summary dismissal action." Summary dismissal may be exercised only where "the safety of the public, [Plaintiff's] fellow

employees, national security interests or other compelling considerations may be at stake."

Summary dismissal may be exercised only under "exigent **and** compelling circumstances."

[Emphasis added].

31. All of the alleged events which constitute the reasons for the summary dismissal of Plaintiff

occurred well before the dismissal as follows:

    1) Failed to properly handle and document evidence – 2015;
    2) Included materially false information and omitted material information in an investigative document – 2015;
    3) Failed to properly document a victim interview alleging criminal sexual assault until seventeen months after the interview occurred and failed to properly coordinate with state and/or local authorities regarding allegations of criminal sexual assault – 2015-2017;
    4) Made false statements, under oath, regarding [Plaintiff's] handling of an investigation during [Plaintiff's] compelled OIG interviews - 2020.

32. Plaintiff's continued presence in the workplace after the events cited as reasons for

summary dismissal did not present exigent and compelling circumstances as contemplated

by the Memorandum to justify summary dismissal without due process.  At time of

dismissal, Plaintiff had almost 19 years of service, without previous discipline, was rated a

"consistent performer" in his 2019 and 2021 Performance Appraisal Reports (PAR's),

"outstanding" in 2016, 2017 and 2018, and "Excellent" in 2014 and 2015 in his PAR's.

Plaintiff received three Cash Awards between 2015 and 2019, and a time off award in 2015.

Plaintiff also received the 2021 FBI Agents Association Award and the 2017 FBI Medal of

Excellence.

33. At the time of summary dismissal, Plaintiff did not pose an "exigent" risk, or any risk, to the

safety of the public, his fellow employees, or national security interests, nor were there any

other "compelling considerations," constituting an exigent circumstance to justify summary

dismissal, other than allegations of misconduct, which are routinely and historically addressed by the internal disciplinary process and Offense Codes, and do not rise to the level of "compelling" considerations.

34. At the time of his dismissal, the FBI failed to meet and prove the mandatory substantive standard of "exigent and compelling" considerations to justify its dismissal of Plaintiff, without notice or an opportunity to be heard prior to dismissal.

35. In consequence, Plaintiff had a right to a hearing before he was dismissed, because the Memorandum and Offense Codes, when read together, created an expectation of continued employment, based on a mutually explicit understanding that summary dismissal can be based only on the substantive standards and grounds set forth in the Memorandum, by virtue of which he would be entitled to constitutionally adequate procedures of notice and opportunity to be heard prior to dismissal.

36. It would have been reasonable for Plaintiff to believe that he would only be summarily dismissed for "exigent and compelling" considerations, and in the absence of those substantive grounds, only for one or more of the grounds listed in the Offense Codes and only after he had been given the Constitutional minima of notice and opportunity to be heard, what is, in effect, dismissal for cause.

37. Plaintiff was not accorded adequate process.  Plaintiff has never had the opportunity to challenge the charges and report upon which the charges are based.  Plaintiff was at no point, prior to or after dismissal, given an explanation of the FBI's evidence to support the charges and an opportunity to respond.  Plaintiff was at no point given adequate procedural due process to challenge his dismissal.

38. Plaintiff was entitled to a meaningful opportunity to evaluate and respond to the allegations against him before being dismissed.  Defendants deprived Plaintiff of that meaningful opportunity by summarily dismissing him, without pre-dismissal notice of charges and an opportunity to be heard, thus depriving him of his property interest in his employment, without due process of law.

39. Defendants' unlawful action harmed Plaintiff by denying him due process, damaging his reputation, depriving him of his rightful status as an FBI employee in good standing with the agency, eliminating his primary source of income, and reducing his retirement benefits by depriving him of his full vested pension and related benefits.

**COUNT TWO**

**LIBERTY INTEREST**

40. The paragraphs above are incorporated and reasserted as if fully set forth herein.

41. The FBI's deficient dismissal proceedings also deprived Plaintiff of his constitutionally protected liberty interest in his reputation, in violation of the Fifth Amendment.  Before and after Plaintiff's unlawful purported dismissal, the Defendants repeatedly charged the Plaintiff with dishonest and other unprofessional behavior by publishing their allegations in their official capacities and through official channels, for review by the public at large.  The untrue charges of dishonesty and unprofessional conduct have been repeatedly published and noted in the media resulting in Plaintiff having to endure widespread obloquy and contempt.

42. The Defendants' allegations which constitute the charges of dishonesty are untrue and inaccurate and the charges of unprofessional behavior are also inaccurate.  The charges

resulted in the dismissal of Plaintiff from the FBI's employment rolls.  As a result, Plaintiff's unblemished reputation has been stigmatized with false charges including dishonesty, his prospects for future employment with the Defendants have been foreclosed, and his prospects for other future public and private employment in law enforcement and related professions have been hampered.

43. Defendants' unlawful action harmed Plaintiff by dismissing him from Federal service without due process, damaging his reputation and stigmatizing him by charging him with dishonesty and disseminating that charge to Congress, news media and the public.

## COUNT THREE

## MANDAMUS

44. The Paragraphs above are incorporated and reasserted as if fully set forth herein.

45. The provisions of 28 U.S.C. § 1361 provide a statutory basis for jurisdiction in cases seeking relief in the nature of *mandamus* against federal officers, employees, and agencies, and they provide for an independent cause of action in the absence of any other available remedies.

46. Defendants' actions, as set forth above, constitute an unlawful refusal to afford Plaintiff at least minimum due process in the form of pre-dismissal notice and opportunity to be heard, or in the alternative; Defendants' actions constituted unlawful personnel actions.

47. Plaintiff has a clear right to be reinstated as an employee of the FBI so that he may be afforded a constitutionally regular hearing prior to dismissal.

48. Defendants have a clear non-discretionary duty to grant Plaintiff a constitutionally regular due process hearing and to rescind Plaintiff's unlawful dismissal.

49. If no other remedy is available through which Plaintiff can be properly granted due process and through which the unlawful dismissal may be rescinded, then Plaintiff is entitled to relief in the nature of *mandamus* compelling Defendants to rescind the unlawful dismissal orders and grant Plaintiff a constitutionally regular pre-dismissal hearing.

## REQUEST FOR RELIEF

50. WHEREFORE, Plaintiff requests that this Court:

    (a)    declare that Defendants have violated Plaintiff's constitutional rights by dismissing him from the employment rolls of the FBI without procedural due process;

    (b)    reinstate Plaintiff's employment as a Special Agent, with backpay, retroactive to the date of his dismissal on August 31, 2021, until a proper hearing is held;

    (c)    expunge Plaintiff's personnel file of all records related to Defendants' unconstitutional dismissal decision;

    (d)    order Defendants to provide Plaintiff his employment benefits, retroactive to August 31, 2021;

    (e)    enjoin Defendants' other violations of Plaintiff's rights;

    (f)    issue writs of *mandamus* as appropriate;

    (g)    award Plaintiff his costs and reasonably attorneys' fees incurred in this action; and

    (h)    award other relief as the Court deems just.

Dated:  November1, 2021

16

Respectfully submitted,


By: /s/ Lawrence Berger
Lawrence Berger, Esq.
Mahon & Berger, Esqs.
70 Glen Street, Suite 249
Glen Cove, NY 11542
516-671-2688
*lberger@lbfedlaw.com*